RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NANCY LAUB,

                  Plaintiff,

              -against-

AETNA LIFE INSURANCE COMPANY,
THE DEPOSITORY TRUST & CLEARING
CORPORATION and THE DEPOSITORY TRUST
& CLEARING CORPORATION HEALTH PLAN,

                  Defendants.
-----------------------------------------------------------------X

JUDGE RAKOFF

07 CIV 9781

COMPLAINT



      Plaintiff Nancy Laub, by her attorneys, Riemer & Associates LLC, complaining of defendants, alleges:

      1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*, to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

      2.     This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district, and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in The Depository Trust & Clearing Corporation Long Term Disability Plan (the "LTD Plan").

5. At all relevant times, the LTD Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, Aetna Life Insurance Company ("Aetna") is and has been the claims administrator of the LTD Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and is and has been a fiduciary under the LTD Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. At all relevant times, The Depository Trust & Clearing Corporation ("DTCC") is and has been an "employer" within the meaning of ERISA §3(5), 29 U.S.C §1002(5)(A); and is and has been a fiduciary under the LTD Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

8. Long term disability benefits under the LTD Plan are funded by Group Policy No. 725193 issued by Aetna.

9. Plaintiff was employed as a computer programmer at DTCC.

10. As an employee of DTCC, plaintiff was entitled to participate in the LTD Plan.

11. As an employee of DTCC, plaintiff was provided with medical and prescription drug coverage under the DTCC Health Plan ("the Health Plan").

2

12. Benefits under the Health Plan were provided by a policy issued by United Healthcare.

13. DTCC paid the premium costs for benefits under the Health Plan for all participants eligible to receive benefits under the LTD Plan.

14. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Health Plan.

15. At all relevant times, the Health Plan was and remains an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

16. At all relevant times, DTCC is and has been a fiduciary under the Health Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

17. As of April 26, 2006, plaintiff was rendered totally disabled within the meaning of the LTD Plan as a result of chronic fatigue syndrome.

18. By letter dated October 3, 2006, Aetna denied plaintiff's claim for long term disability benefits under the LTD Plan.

19. DTCC terminated plaintiff's medical benefits under the Health Plan effective December 27, 2006.

20. By letter dated February 7, 2007, plaintiff requested that medical benefits under the Health Plan be reinstated pending her appeal of Aetna's denial.

21. By letter dated February 16, 2007, DTCC wrote plaintiff's counsel, indicating that employees with five or more years of service approved for long term disability are entitled to continued medical and prescription drug coverage under the Health Plan.

22. In said letter, DTCC informed plaintiff that, since her claim for long term disability was denied by Aetna, she was not eligible for continued medical and prescription drug coverage.

23. DTCC failed to inform plaintiff that she had a right to appeal its determination.

24. Plaintiff appealed Aetna's denial by letters dated April 2, 2007 and May 23, 2007.

25. By letter dated August 14, 2007, Aetna denied plaintiff's appeal.

26. Plaintiff has complied with and exhausted all administrative appeals under the LTD Plan and the Health Plan.

## COUNT I (Aetna)

27. Under the terms of the LTD Plan, a disabled participant is entitled to a monthly benefit equal to 60% of pre-disability earnings.

28. From April 26, 2006, plaintiff has been totally disabled within the meaning of the LTD Plan.

29. From April 26, 2006, plaintiff has not worked and has had no earnings.

30. Aetna's determination that plaintiff is not totally disabled within the meaning of the LTD Plan is contrary to the terms of the LTD Plan, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

31. Upon information and belief, Aetna has a conflict of interest.

32. Upon information and belief, Aetna's determination of plaintiff's claim for long term disability benefits was affected by its conflict of interest.

33.  Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the LTD Plan that have not been paid to date and those that will become due in the future.

## COUNT II (Aetna)

34.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above.

35.  By reason of Aetna's failure to pay plaintiff long term disability benefits as due under the terms of the LTD Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorneys' fees.  Plaintiff is entitled to recover reasonable attorneys' fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

## COUNT III (DTCC and Health Plan)

36.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 35 above.

37.  DTCC and the Health Plan terminated plaintiff's coverage as an employee in the Health Plan after plaintiff became disabled.

38.  Plaintiff incurred expenses to maintain her coverage under the Health Plan pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

39.  Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover benefits under the Health Plan that have not been paid to date and those that will become due in the future.

## COUNT IV (DTCC and Health Plan)

40. Plaintiff repeats and realleges the allegations of paragraphs 1 through 39 above.

41. By reason of DTCC and the Health Plan's failure to pay plaintiff's health benefits as due under the terms of the Health Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorneys' fees. Plaintiff is entitled to recover reasonable attorneys' fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

## JURY DEMAND

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands trial by jury of all issues so triable.

WHEREFORE, plaintiff demands judgment against Aetna:

A. For the amount of all long term disability benefits due under the terms of the LTD Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the LTD Plan is obligated to pay to plaintiff long term disability benefits in the future as required by the LTD Plan;

C. For the costs of this action and plaintiff's attorneys' fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as the Court deems just and proper.

WHEREFORE, plaintiff demands judgment against DTCC and/or the Health Plan:

A. For the cost of purchasing health coverage since the date her coverage under the Health Plan was terminated, together with interest thereon;

B. Clarifying and declaring that plaintiff is entitled to reinstatement of coverage under the Health Plan in the future as required by the terms of the Health Plan;

C. For the costs of this action and plaintiff's attorneys' fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 30, 2007

                RIEMER & ASSOCIATES LLC
                Attorneys for Plaintiff
                60 East 42nd Street, Suite 2430
                New York, New York 10165
                (212) 297-0700

By: _____
     Scott M. Riemer (SR5005)