UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NANCY LAUB,

                                 Plaintiff,

                -against-

AETNA LIFE INSURANCE COMPANY,
THE DEPOSITORY TRUST & CLEARING
CORPORATION and THE DEPOSITORY TRUST
& CLEARING CORPORATION HEALTH PLAN,

                              Defendants.
-----------------------------------------------------------------X

Case No.:  07 CIV 9781 (JSR)

**ANSWER**

DOCUMENT
ELECTRONICALLY FILED

        Defendant, AETNA LIFE INSURANCE COMPANY, by and through its attorneys, SEDGWICK, DETERT, MORAN & ARNOLD LLP, as and for its Answer to plaintiff's Complaint dated October 30, 2007, respectfully sets forth the following upon information and belief:

        FIRST.        Admits to the truth of each and every allegation contained in paragraph "1" of plaintiff's Complaint.

        SECOND.        Admits to the truth of each and every allegation contained in paragraph "2" of plaintiff's Complaint.

        THIRD.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, excepts admits venue is properly in this district.

        FOURTH.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to The Depository Trust & Clearing Corporation Long Term Disability Plan (the "LTD Plan") documents

for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein, except admits that at the time of her claim for benefits, plaintiff was a participant in the LTD Plan.

FIFTH.          Admits to the truth of each and every allegation contained in paragraph "5" of plaintiff's Complaint.

SIXTH.          Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court except admits that at all relevant times, Aetna Life Insurance Company ("Aetna") is and has been the claims administrator of the LTD Plan.

SEVENTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court except admits that at all relevant times, The Depository Trust & Clearing Corporation ("DTCC") is and has been an "employer."

EIGHTH.         Denies each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged and respectfully refers to the Group Policy for the contents thereof, except admits that the LTD Plan is funded by Group Policy number GP-653161 issued by Aetna to the DTCC.

NINTH.          Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that at the time plaintiff submitted her claim for benefits under the LTD Plan, she was employed by DTCC and entitled to participate in the LTD Plan.

2

NY/517214v1

TENTH.           Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that at the time plaintiff submitted her claim for benefits under the LTD Plan, she was employed by DTCC and entitled to participate in the LTD Plan.

ELEVENTH.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that as an employee of DTCC, plaintiff was entitled to enroll in the medical and prescription drug plans offered by DTCC ("the Health Plan").

TWELFTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Health Plan benefits were covered by a group policy issued by United Healthcare.

THIRTEENTH.           Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that DTCC waived premium costs for benefits under the Health Plan for all participants who are determined to be disabled under the terms of the LTD Plan.

FOURTEENTH.           Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court, except admits that plaintiff was a

3

participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Health Plan at the time she submitted her claim for benefits under the LTD Plan.

FIFTEENTH. Admits to the truth of each and every allegation contained in paragraph "15" of plaintiff's Complaint.

SIXTEENTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

SEVENTEENTH.    Denies each and every allegation contained in paragraph "17" of plaintiff's Complaint.

EIGHTEENTH.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim for benefits under the LTD Plan kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein except admits that Aetna denied plaintiff claim for benefits under the LTD Plan and advised plaintiff of this decision in its letter to her dated October 3, 2006.

NINETEENTH.    Admits to the truth of each and every allegation contained in paragraph "19" of plaintiff's Complaint.

TWENTIETH.    Admits to the truth of each and every allegation contained in paragraph "20" of plaintiff's Complaint.

TWENTY-FIRST.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the

4

administrative record pertaining to plaintiff's claim for benefits under the LTD Plan, including DTCC's letter dated February 16, 2007, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SECOND.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim for benefits under the LTD Plan, including DTCC's letter dated February 16, 2007, kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-THIRD.        Denies each and every allegation contained in paragraph "23" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTY-FOURTH. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "24" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to plaintiff's claim for benefits under the LTD Plan kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein except admits plaintiff submitted an administrative appeal of Aetna's decision denying her claim for benefits under the LTD Plan.

TWENTY-FIFTH.        Admits to the truth of each and every allegation contained in paragraph "25" of plaintiff's Complaint.

TWENTY-SIXTH.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of plaintiff's Complaint as alleged

5

and respectfully refers all questions of law to the Honorable Court, except admits that plaintiff exhausted all administrative appeals under the LTD Plan.

### COUNT I (Aetna)

TWENTY-SEVENTH.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to The Depository Trust & Clearing Corporation Long Term Disability Plan (the "LTD Plan") documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

TWENTY-EIGHTH.        Denies each and every allegation contained in paragraph "28" of plaintiff's Complaint.

TWENTY-NINTH.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of plaintiff's Complaint.

THIRTIETH.  Denies each and every allegation contained in paragraph "30" of plaintiff's Complaint.

THIRTY-FIRST.        Denies each and every allegation contained in paragraph "31" of plaintiff's Complaint.

THIRTY-SECOND.        Denies each and every allegation contained in paragraph "32" of plaintiff's Complaint.

THIRTY-THIRD.        Denies each and every allegation contained in paragraph "33" of plaintiff's Complaint.

NY/517214v1

## COUNT II (Aetna)

THIRTY-FOURTH.        In response to paragraph "34" of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "33" inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-FIFTH.        Denies each and every allegation contained in paragraph "35" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

## COUNT III (DTCC and Health Plan)

THIRTY-SIXTH.        In response to paragraph "36" of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "35" inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-SEVENTH. Denies each and every allegation contained in paragraph "37" as alleged, except admits the Health Plan terminated plaintiff's coverage following denial of her claim for benefits under the LTD Plan.

THIRTY-EIGHTH.        Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "38" of the plaintiff's Complaint.

THIRTY-NINTH.        Denies each and every allegation contained in paragraph "39" of the plaintiff's Complaint.

7

NY/517214v1

## COUNT IV (DTCC and Health Plan)

FORTIETH.        In response to paragraph "40" of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "39" inclusive, with the same force and effect as if more fully set forth at length herein.

FORTY-FIRST.        Denies each and every allegation contained in paragraph "41" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

## JURY DEMAND

FORTY-SECOND.    Answering defendant objects to plaintiff's Jury Demand because plaintiff is not entitled to a trial by jury of any claim asserted against the answering defendant. DeFelice v. International Assurance Co. of New York, 112 F.3d 61 (2nd Cir. 1997); Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251 (2nd Cir. 1996).

## FIRST AFFIRMATIVE DEFENSE

FORTY-THIRD.        This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against Aetna.

## SECOND AFFIRMATIVE DEFENSE

FORTY-FOURTH.    The claims for which plaintiff seeks recovery are not payable under the terms of the LTD Plan or Health Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

## THIRD AFFIRMATIVE DEFENSE

FORTY-FIFTH.        The Aetna and the Health Plan acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the LTD Plan and Health Plan, respectively.  Accordingly, plaintiff is barred from recovery for her claims in this action and the purported claims asserted therein.

8

NY/517214v1

### FOURTH AFFIRMATIVE DEFENSE

FORTY-SIXTH.        Aetna fully performed its duties, if any, and plaintiff is estopped to assert any cause of action against it.

### FIFTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH.    All actions about which plaintiff complains were either required or permitted by applicable law.

### SIXTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH.        Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna or the Health Plan's determination concerning plaintiff's claim for long-term disability benefits and for continuation of Health Plan benefits.

### SEVENTH AFFIRMATIVE DEFENSE

FORTY-NINTH.        Aetna, as claim fiduciary for the LTD Plan, is granted complete authority to review all denied claims for benefits under the plans group disability policy and discretionary authority to determine: whether and to what extent employees are entitled to benefits; and to construe and disputed or doubtful terms of the policy; and Aetna is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously. Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

### EIGHTH AFFIRMATIVE DEFENSE

FIFTIETH.        If plaintiff is entitled to payment of any benefits under the LTD Plan, any such payment must be offset by any other income, as defined by the terms of the LTD Policy, received by or payable to plaintiff.

NY/517214v1

## NINTH AFFIRMATIVE DEFENSE

FIFTY-FIRST.        Plaintiff's claim for consequential damages is preempted by ERISA.

## TENTH AFFIRMATIVE DEFENSE

FIFTY-SECOND.        Plaintiff's claim for an award of future benefits after the first 24

months under the LTD Plan is beyond the jurisdiction of this Court because the LTD Plan's test for

"disability" changes after the first 24 months of any claimed period of disability.

## ELEVENTH AFFIRMATIVE DEFENSE

FIFTY-THIRD.        To the extent that evidence shows that Plaintiff has failed to exhaust

his administrative remedies, her claims should be denied in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE

FIFTY-FOURTH.        Plaintiff has failed to supply sufficient proof that she was totally

disabled under the terms and conditions of the LTD benefits plan and group insurance policy.

Dated: New York, New York
       January 10, 2008

                                   Respectfully Submitted,

                                   s/
                                   _____
                                   MICHAEL H. BERNSTEIN (MB-0579)
                                   SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                   *Attorneys for Defendant*
                                   AETNA LIFE INSURANCE COMPANY
                                   125 Broad Street, 39th Floor
                                   New York, New York 10004
                                   Tel:  (212) 422-0202
                                   Fax: (212) 422-0925
                                   **[SDMA File #0322-008090]**

TO:    Scott M. Riemer, Esq. (SR5005)
       RIEMER & ASSOCIATES LLC
       *Attorneys for Plaintiff*
       60 East 42nd Street, Suite 2430
       New York, New York 10165
       (212) 297-0700

NY/517214v1

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **ANSWER (on behalf of Aetna Life Insurance Company)** was served via ECF and regular mail on January 10, 2008, upon

Scott M. Riemer, Esq. (SR5005)
RIEMER & ASSOCIATES LLC
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

Dated:  January 10, 2008

s/ _____
Michael H. Bernstein (MB-0579)

11

NY/517214v1